JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-CV-5194

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Loeffler Thomas P.C. f/k/a Loeffler Thomas Touzalin LLP

**DEFENDANTS** 15  5194
Simon Fishman, Miriam Fishman, Samuel Fishman, Law Office of Samuel Fishman, P.C., Daniel Fishman, Eric Fishman, Eugene Reed, Capital Car Co., Cars & Trucks, LLC, Seed Acquisitions LLC & Inc

**(b)** County of Residence of First Listed Plaintiff   Cook County, Illinois
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery Cty., PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Diana R. Kadash, Esquire
1515 Market Street, Suite 1200
Philadelphia, PA 19102   (215) 854-6422

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC 1332 and 28 USC 1367

Brief description of cause:
Breach of Contract For Failure to Pay Legal Bills

SEP 17 2015

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
405,929.07

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Petrese B. Tucker

DOCKET NUMBER   02-cv-7389; 10-cv-6267

DATE
09/17/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

FDI

15    5194

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: *LOEFFLER THOMAS , 500 SKOKIE BLVD, Ste 260, NORTHBROOK, IL 60062*

Address of Defendant: *SIMON FISHMAN, 3860 BROOK DALE Ave., HUNTINGDON VALLEY, PA 19006*

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                        Yes☐  No☒

Does this case involve multidistrict litigation possibilities?                        Yes☐  No☒

*RELATED CASE, IF ANY:* 10-CV-6267

Case Number: 02-CV-7389  Judge: *PETRESE B. TUCKER*  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                        Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                        Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                        Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                        Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
       (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
       (Please specify) BREACH OF CONTRACT

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, DIANA R. KADASH, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/17/15  _Diana R. Kadash_  57084

Attorney-at-Law     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

SEP 17 2015

DATE: 9/17/15  _Diana R. Kadash_  57084

Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

**PBT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Loeffler Thomas, et al

                   :                      **CIVIL ACTION**

           v.              :

Simon & Miriam Fishman, et al   :     **15    5194**

                            :        **NO.**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 9/17/15 | DIANA R. KADASH | Loeffler Thomas, et al |
| **Date** | **Attorney-at-law** | **Attorney for** PLAINTIFFS |
| (215) 854-6422 | (215) 569-0216 | DIANA @ KADASHLAW.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 17 2015

**THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LOEFFLER THOMAS P.C. f/k/a<br>LOEFFLER THOMAS TOUZALIN LLP, ) | |
| ) | |
| Plaintiff, ) | 15    5194 |
| ) | |
| v. ) | Case No: |
| ) | |
| SIMON FISHMAN, MIRIAM FISHMAN ) | |
| SAMUEL FISHMAN, LAW OFFICE OF ) | |
| SAMUEL FISHMAN, P.C., DANIEL FISHMAN, ) | |
| ERIC FISHMAN, EUGENE REED, CAPITAL ) | |
| CAR CO., CARS & TRUCKS, LLC, SEED ) | |
| ACQUISITIONS, LLC AND SEED ) | |
| ACQUISITIONS, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, LOEFFLER THOMAS P.C., f/k/a LOEFFLER THOMAS TOUZALIN LLP

("Loeffler Thomas") by and through its attorneys, Diana R. Kadash, Esq., Loeffler Thomas P.C.

(of counsel), Michael S Loeffler, Esq., and Todd Hunter Thomas, Esq. of Loeffler Thomas P.C.

complains of the defendants, SIMON FISHMAN, MIRIAM FISHMAN, SAMUEL FISHMAN,

LAW OFFICE OF SAMUEL FISHMAN P.C., DANIEL FISHMAN, ERIC FISHMAN,

EUGENE REED, CAPITAL CAR CO., CARS & TRUCKS, LLC, SEED ACQUISITIONS,

LLC, and SEED ACQUISITIONS, INC. and for its Complaint for Breach of Contract and

Failure to Pay for Legal Services states with knowledge as to itself and upon information and

belief as to Defendants as follows:

## OVERVIEW

1.      This is a breach of contract action by Loeffler Thomas. Loeffler Thomas is a law

firm. Defendants retained Loeffler Thomas to provide litigation advice and representation with

1

respect to significant fraud claims against Defendants, including a federal fraud claim in the U.S.D.C. for the Eastern District of Pennsylvania and claims in the Pennsylvania Court of Common Pleas, Philadelphia County. Pursuant to the agreement between the parties, Loeffler Thomas performed the requested services, and Defendants paid Loeffler Thomas in part. But Defendants failed to pay all of the outstanding charges for fees and expenses owed to Loeffler Thomas. Because of Defendants' nonpayment and for additional reasons, Loeffler Thomas withdrew from the representation in December 2012 and now brings this action to recover Defendants' outstanding balance of fees and costs, plus interest thereon, in the amount of $405,929.07

## PARTIES

2.      Loeffler Thomas is a law firm engaged in the business of providing legal services and is organized under the laws of Illinois with its principal place of business at 500 Skokie Blvd., Suite 260, Northbrook, Illinois 60062. Loeffler Thomas was formerly known as Loeffler Thomas Touzalin LLP. Loeffler Thomas is a national law firm that maintains its principal office in Northbrook, Illinois. The work related to this representation was predominately performed at Loeffler Thomas' Northbrook, Illinois office located at 500 Skokie Boulevard, Suite 260, Northbrook, Illinois 60062. Loeffler Thomas has no employed attorneys in Pennsylvania and has only an affiliated office in Philadelphia.

3.      Simon Fishman is an adult individual and the husband of defendant Miriam Fishman who resides at 3860 Brookdale Ave, Huntingdon Valley, Pennsylvania, 19006.

4.      Miriam Fishman is an adult individual and the wife of defendant Simon Fishman who resides at 3860 Brookdale Ave., Huntingdon Valley, Pennsylvania 19006.

2

5.      Samuel Fishman is the son of defendants Simon and Miriam Fishman who resides at 3328 Manor Road, Huntingdon Valley, Pennsylvania. Samuel Fishman is an experienced used car dealer; has been practicing law for approximately 20 years; and is a partner in two (2) law firms, both with offices located at 11450 Bustleton Avenue, Philadelphia, Pennsylvania 19116.

6.      Daniel Fishman is an adult individual and the son of Simon and Miriam Fishman who resides at 3860 Brookdale Ave, Huntingdon Valley, Pennsylvania.

7.      Eric Fishman is an adult individual and the son of Simon and Miriam Fishman who resides at 3333 Henry Hudson Parkway West, Apt 3D, New York, New York, 10463. Eric Fishman is an experienced attorney who has been practicing approximately 12 years.

8.      Eugene Reed is an adult individual and an experienced used car dealer who resides at 35 Quartz Road, Levittown, Pennsylvania, 19057.

9.      Law Office of Samuel Fishman. P.C. ("Fishman P.C.") is a law firm engaged in the business of providing legal services and is organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 11450 Bustleton Ave, Philadelphia, PA 19116.

10.     Capital Car Co. ("Capital Car") is a business organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 3825 Kensington Avenue, Philadelphia, Pennsylvania, 19124.

11.     Cars & Trucks, LLC ("Cars & Trucks") is a business organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 3825 Kensington Avenue, Philadelphia, Pennsylvania, 19124.

3

12.     Seed Acquisitions, LLC ("Seed LLC") is a business organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 11410 Bustleton Avenue, Philadelphia, Pennsylvania 19116.

13.     Seed Acquisitions, Inc. ("Seed Inc.") is a business organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 11450 Bustleton Avenue, Philadelphia, Pennsylvania, 19116.

**VENUE & JURISDICTION**

14.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, based upon the diverse citizenship of the parties and the amount in controversy, which exceeds $75,000.00, exclusive of interest and costs and pursuant to 28 U.S.C. §1367, based upon the pendant and ancillary jurisdiction, ancillary injunctive power, and, preventive aid of equity of this Court.

15.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

**BACKGROUND**

A.      **Capital Car Matter**

16.     Samuel Fishman, on behalf of himself and as agent for Simon Fishman, Miriam Fishman, Daniel Fishman, Eric Fishman, Eugene Reed, Capital Car Co., Seed Acquisitions, Inc., Seed Acquisitions LLC, and Cars & Trucks LLC (collectively, "Capital Car Defendants"), sought out counsel with expertise in litigation and contacted Loeffler Thomas on or about November 12, 2010 about providing advice and representation regarding a complaint filed by State Farm Mutual Automobile Ins. Co. and State Farm Fire and Casualty Ins. Co. in the Eastern District of Pennsylvania, Case No. 10-cv-6267 ("Capital Car Matter"). Samuel Fishman, on behalf of himself individually and on behalf of all of the Capital Car Defendants retained Loeffler Thomas to defend them in the Capital Car Matter. By December 2010, the Capital Car

4

Defendants had retained Loeffler Thomas and firm lawyers based in Northbrook, Illinois began working on the Capital Car case for Fishman.

17.     The complaint in the Capital Car Matter alleged causes of action for declaratory judgment, violation of PUFTA 12 Pa. C.C. §§5101-5110, conspiracy to violate PUFTA 12 Pa. C.C. §§5101-5110, civil conspiracy, concerted tortious action, and request for constructive trust. A copy of the Complaint in the Capital Car Matter is attached as Exhibit A. The Capital Car Matter was, in effect, related litigation to *State Farm Mutual Ins. Co., et al., v. Midtown Medical Center, et al.,* case no. 02-cv-7389, Eastern District of Pennsylvania ("Midtown Case") in which, *inter alia,* Simon Fishman was found liable for defrauding State Farm.

18.     The terms of Loeffler Thomas' representation of the Capital Car Defendants were discussed with Samuel Fishman personally during which Loeffler Thomas disclosed applicable billing rates and Loeffler Thomas promised to perform legal services and the Capital Car Defendants promised to pay for those services.

19.     Among other things discussed with Samuel Fishman was the specified hourly rates for the partners, associates, of counsel and paralegals who would work on the litigation matters, that the firm would submit billing invoices identifying the professional service rendered and reimbursable charges incurred and that invoices are payable when presented.

20.     Specifically, Loeffler Thomas, and Samuel Fishman individually and on behalf of all Capital Car Defendants, agreed that Loeffler Thomas would bill for the work done by Loeffler Thomas's senior attorneys at the rate of $275 an hour, work done by Loeffler Thomas' associate attorney at $175 an hour, and work done by Loeffler Thomas' legal assistants at $125 an hour. Loeffler Thomas and the Capital Car Defendants also agreed that Loeffler Thomas

5

would keep Samuel Fishman informed of all work done by Loeffler Thomas regarding the Capital Car Matter.

21.     Throughout the course of the representation, the Capital Car Defendants held out Northbrook, Illinois based Loeffler Thomas lawyers as their counsel; Loeffler Thomas worked diligently and vigorously to represent the Capital Car Defendants, and the Capital Car Defendants benefitted from Loeffler Thomas' services. Loeffler Thomas fully performed the services for which it was retained.

22.     The work Loeffler Thomas performed on the Capital Car Matter included, but was not limited to: researching, drafting and arguing a Motion to Dismiss; reviewing and drafting pleadings, legal research, conducted a full range of discovery in the federal lawsuit; responding on the Capital Car Defendants' behalf to more than 70 separate document requests and numerous interrogatories, as well as drafting discovery requests directed to plaintiffs. Loeffler Thomas lawyers and staff coordinated the large-scale review and production of voluminous hard copy documents and electronically stored documents. Loeffler Thomas lawyers prepared for and defended depositions of many of the Capital Car Defendants. The Loeffler Thomas lawyers participated in negotiations with plaintiff's counsel regarding all aspects of discovery and represented the Capital Car Defendants at court hearings related to scheduling and discovery and scheduling, all of which were conducted by phone by the Loeffler Thomas lawyers Northbrook, Illinois.

23.     Throughout its representation, Loeffler Thomas was successful in causing the plaintiffs to reduce their claims and reduce their demand by approximately 50%.

24.     From June 2012 through January 2013 Loeffler Thomas sent invoices dated June 7, 2012, June 25, 2012, October 31, 2012, and January 4, 2013 to Samuel Fishman each of which

6

contained for the relevant period the total fees and disbursements detailed descriptions of the tasks performed by the Loeffler Thomas lawyers and the time spent on these tasks. From the summer of 2012 through December 2012 the Capital Car Defendants did not timely and fully pay all of the invoices it received, but Samuel Fishman requested that Loeffler Thomas be patient and continuing rendering professional services. In December 2012, Samuel Fishman made a payment to Loeffler Thomas, but it was still in arrears for work performed in June 2012 and did not make any payments for work done in June, July, August, September, October and November. Nonetheless, Samuel Fishman continued to request legal services from Loeffler Thomas and affirmatively led Loeffler Thomas to believe that it would be paid for its legal services. Copies of the invoices are attached as Exhibit B.

25.     Loeffler Thomas invoiced the Capital Car Defendants $384,493.70 regarding the Capital Car Matter.   Samuel Fishman submitted payment in the amount of $128,645.94 in payment for the fees and costs incurred regarding the Capital Car Matter.   $255,847.76 is the unpaid balance of Loeffler Thomas' fees regarding the Capital Car Matter.

26.     The Capital Car Defendants did not dispute the amount of the invoices or the work Loeffler Thomas performed regarding the Capital Car Matter.

27.     Loeffler Thomas repeatedly attempted to work with the Capital Car Defendants on its outstanding balance, but they did not pay any amounts for any legal work performed by Loeffler Thomas after December 2012. In reliance upon Samuel Fishman's representations and in accordance with its professional obligations, Loeffler Thomas continued to provide legal services to protect and preserve the legal interests of the client.

7

28.     Despite Loeffler Thomas' numerous demands for payment via in person conversations, emails and telephone conversations, the Capital Car Defendants failed to pay the unpaid balance of Loeffler Thomas' invoices regarding the Capital Car Matter.

29.     On December 26, 2012, the Capital Car Defendants terminated Loeffler Thomas as counsel in the Capital Car Matter.  Loeffler Thomas filed a motion to withdraw as counsel on December 26, 2012 primarily because of the Capital Car Defendants' failure to pay for the legal services it received.  Prior to December 2012, Fishman did not object to the format or the timing of the invoices or the billing rates of Loeffler Thomas personnel. The Court granted Loeffler Thomas' motion to withdraw on September 9, 2013.   A copy of the September 16, 2013 Order is attached as Exhibit C.

30.     Loeffler Thomas is now informed and believes that the Capital Car Defendants intentionally misled Loeffler Thomas and caused it to provide legal services, which intending not to pay for such services and not informing Loeffler Thomas of their intent. By their actions, the Capital Car Defendants have also breached the implied covenant of good faith and fair dealing that is included in every contract under the applicable law.

**B.     Third Circuit Appeal**

31.     Samuel Fishman and Fishman P.C. contacted Loeffler Thomas on or about May 7, 2009 to represent them regarding a sanction award against Samuel Fishman and Fishman P.C. in the United States District Court for the Eastern District of Pennsylvania.

32.     Samuel Fishman and Fishman P.C. were sanctioned $50,000 in the Midtown Case.  Loeffler Thomas was retained by Samuel Fishman and Fishman P.C. to vacate the sanction award in the Eastern District of Pennsylvania and/or appeal the order entering sanctions to the United States Court of Appeals for the Third Circuit ("Third Circuit Appeal").

8

33.     Loeffler Thomas and Samuel Fishman and Fishman P.C. agreed that Loeffler Thomas would bill for the work done by Loeffler Thomas' senior attorneys at the rate of $275 an hour, work done by Loeffler Thomas' associate attorney at $175 an hour, and work done by Loeffler Thomas' legal assistant at $125 an hour.  Loeffler Thomas and Samuel Fishman and Fishman P.C. also agreed that Loeffler Thomas would keep Samuel Fishman informed of all work done by Loeffler Thomas regarding the Third Circuit Appeal.

34.     Loeffler Thomas filed a motion to vacate the sanction award in the Eastern District of Pennsylvania on June 4, 2010.  The Eastern District of Pennsylvania denied the motion to vacate the sanction award on October 26, 2010.

35.     Loeffler Thomas appealed the sanction award to the 3rd Circuit Court of Appeals, docket No. 07-3937 on October 12, 2007.

36.     The work Loeffler Thomas performed on the Third Circuit Appeal included, but was not limited to, reviewing and drafting pleadings, legal research, reviewing materials filed in the Midtown Case, and drafting of appellate opening brief and reply brief.

37.     The Third Circuit upheld the District Court's order on September 14, 2011 and this matter was closed on September 26, 2011.

38.     Loeffler Thomas sent invoices dated August 26, 2009, October 16, 2009, January 29, 2010, July 28, 2010, December 14, 2010, and December 5, 2012 to Samuel Fishman and Fishman P.C..  Copies of the invoices are attached as Exhibit D.

39.     Loeffler Thomas billed Samuel Fishman and Fishman P.C. $103,189.76 for fees and costs regarding the Third Circuit Appeal.  Loeffler Thomas applied a credit of $1,750.00 on the January 29, 2010 invoice. Samuel Fishman and Fishman P.C. submitted payment in the

amount of $36,735.81 in payment for the fees and costs incurred regarding the Third Circuit Appeal.

40.     The December 5, 2012 invoice on the Third Circuit Appeal includes a professional discount of $12,500 given to Samuel Fishman and Fishman P.C. in exchange for their promise to pay the outstanding fees in the Third Circuit Appeal, which Samuel Fishman and Fishman P.C. failed to pay. Therefore, $66,921.49 is the unpaid balance of Loeffler Thomas' fees and costs regarding the Third Circuit Appeal.

41.     Samuel Fishman and Fishman P.C. did not dispute the amount of the invoices or the work Loeffler Thomas performed regarding the Third Circuit Appeal.

42.     Despite Loeffler Thomas' numerous demands for payment via in person conversations, emails and telephone conversations, Samuel Fishman failed to pay the unpaid balance of Loeffler Thomas' invoices regarding the Third Circuit Appeal.

C.     **The Stretton Matter**

43.     Samuel Fishman and Fishman P.C. contacted Loeffler Thomas on or about April 7, 2010 to represent them regarding a complaint to be filed against Samuel C. Stretton ("Stretton").

44.     Stretton is a Philadelphia attorney who represented Samuel Fishman and Fishman P.C. with respect of a Third Circuit appeal of a sanction award entered against Samuel Fishman and Fishman P.C. in the Midtown Case.

45.     Samuel Fishman and Fishman P.C. asserted that Stretton failed to adequately represent them with respect of the sanction award and that Stretton breached his duty to Samuel Fishman and Fishman P.C. and made fraudulent misrepresentations.

10

46.     The complaint against Stretton was filed in the Philadelphia County Court of Common Pleas; April Term, 2010; No. 01792, and alleged causes of action for breach of contract, professional negligence and fraud ("Stretton Matter"). A copy of the complaint in the Stretton Matter is attached as Exhibit E.

47.     Loeffler Thomas and Samuel Fishman and Fishman P.C. agreed that Loeffler Thomas would bill for the work done by Loeffler Thomas' senior attorneys at the rate of $275 an hour, work done by Loeffler Thomas' of counsel attorney at $285 an hour, work done by Loeffler Thomas' associate attorney at $175 an hour, and work done by Loeffler Thomas' legal assistant at $125 an hour.  Loeffler Thomas and Samuel Fishman and Fishman P.C. also agreed that Loeffler Thomas would keep Samuel Fishman informed of all work done by Loeffler Thomas regarding the Stretton Matter.

48.     The work Loeffler Thomas performed on the Stretton Matter included, but was not limited to, reviewing, drafting, and filing pleadings and motions; drafting and filing responses to motions; legal research; reviewing materials produced in discovery, and preparation for and attending a deposition.

49.     Samuel Fishman and Fishman P.C. withdrew the complaint in September 2011.

50.     Loeffler Thomas sent invoices dated December 14, 2010 and November 26, 2012 to Samuel Fishman and Fishman P.C.  Copies of the invoices are attached as Exhibit F.

51.     Loeffler Thomas invoiced Samuel Fishman and Fishman P.C. $57,178.60 regarding the Stretton Matter.  Samuel Fishman and Fishman P.C. submitted payment in the amount of $5,250.00 in payment for the fees and costs incurred regarding the Stretton Matter.

52.     The November 26, 2012 invoice on the Stretton Matter includes a professional discount of $12,500 given to Samuel Fishman and Fishman P.C. in exchange for their promise to

11

pay the outstanding fees in the Stretton Matter, which Samuel Fishman and Fishman P.C. failed to pay. Therefore, $51,928.60 is the unpaid balance of Loeffler Thomas' fees and costs regarding the Stretton Matter.

53.     Samuel Fishman and Fishman P.C. did not dispute the amount of the invoices or the work Loeffler Thomas performed regarding the Stretton Matter.

54.     Despite Loeffler Thomas' numerous demands for payment via in person conversations, emails and telephone conversations, Samuel Fishman and Fishman P.C. failed to pay the unpaid balance of Loeffler Thomas' invoices regarding the Stretton Matter.

**D.     The Ferrara Matter**

55.     Samuel Fishman and Fishman P.C. contacted Loeffler Thomas on or about December 29, 2008 regarding a complaint filed by Ferrara Law Offices P.C. and Curran & Rassias, LLP against Samuel Fishman and Fishman P.C. in the Philadelphia County Court of Common Pleas; November Term, 2009; Case No. 2986 ("Ferrara Matter"). Samuel Fishman, on behalf of himself individually and on behalf of Fishman P.C. retained Loeffler Thomas to defend himself and Fishman P.C. in the Ferrara Matter.

56.     The complaint in the Ferrara Matter alleged causes of action for Tortious Interference with Contractual Relations, Conversion, and Unjust Enrichment arising out of Samuel Fishman's and the Law Offices of Samuels Fishman's representation of an individual who was previously represented by plaintiffs, Ferrara Law Offices P.C. and Curran & Rassias, LLP in the underlying personal injury matter. A copy of the complaint in the Ferrara Matter is attached as Exhibit G.

57.     Loeffler Thomas and Samuel Fishman and Fishman P.C. agreed that Loeffler Thomas would bill the work done by Loeffler Thomas' senior attorneys at the rate of $275 an

12

hour and work done by Loeffler Thomas' legal assistant at $125 an hour. Loeffler Thomas and Samuel Fishman and Fishman P.C. also agreed that Loeffler Thomas would keep Samuel Fishman informed of all work done by Loeffler Thomas regarding the Ferrara Matter.

58.     The work Loeffler Thomas performed on the Ferrara Matter included, but was not limited to, reviewing and drafting and filing pleadings and motions; and filing responses to motions; legal research; reviewing materials produced in discovery; and settlement negotiations.

59.     The Ferrara Matter was marked Settled Discontinued and Ended on or about May 27, 2010.

60.     Loeffler Thomas sent invoices dated May 14, 2009, August 26, 2009, October 16, 2009, January 29, 2010, April 21, 2010, July 28, 2010, and December 14, 2010 to Samuel Fishman and Fishman P.C. Copies of the invoices are attached as Exhibit H.

61.     Loeffler Thomas invoiced Samuel Fishman and Fishman P.C. $56,430.92 regarding the Ferarra Matter. Samuel Fishman and Fishman P.C. submitted payment in the amount of $25,199.70 in payment for the fees and costs incurred regarding the Ferrara Matter. $31,231.22 is the total principal indebtedness of Loeffler Thomas' fees and costs regarding the Ferrara Matter.

62.     Samuel Fishman and Fishman P.C. did not dispute the amount of the invoices or the work Loeffler Thomas performed regarding the Ferrara Matter.

63.     Despite Loeffler Thomas' numerous demands for payment via in person conversations, emails and telephone conversations, Samuel Fishman and Fishman P.C. failed to pay the unpaid balance of Loeffler Thomas' invoices regarding the Ferrara Matter. At no time did Loeffler Thomas agree to forgive any indebtedness.

13

## COUNT I

### Breach of Contract – Capital Car Matter
**Samuel Fishman, Simon Fishman, Miriam Fishman,  Daniel Fishman, Eric Fishman, Eugene Reed, Capital Car Co., Cars & Trucks, LLC, Seed Acquisitions, LLC, and Seed Acquisitions, Inc.**

64.     Loeffler Thomas realleges and incorporates paragraphs numbers 1 through 63 as though fully set forth herein.

65.     Loeffler Thomas and the Capital Car Defendants agreed that Loeffler Thomas would represent the Capital Car Defendants regarding the Capital Car Matter.

66.     Loeffler Thomas and the Capital Car Defendants agreed upon the fees that Loeffler Thomas would charge regarding the Capital Car Matter.

67.     Loeffler Thomas and the Capital Car Defendants agreed that the Capital Car Defendants would pay the fees and costs incurred in the Capital Car Matter.

68.     Loeffler Thomas performed all of its obligations by rendering legal services to the Capital Car Defendants regarding the Capital Car Matter.

69.     The Capital Car Defendants breached their contractual duty by failing to pay Loeffler Thomas in full for the fees and costs incurred regarding the Capital Car Matter.

70.     As a direct result of the aforementioned breach of contract, Loeffler Thomas incurred substantial damages in the amount of $255,847.76.

WHEREFORE, Loeffler Thomas prays for an award of $255,847.76; with interest, costs and such other relief as the Court deems just.

14

## COUNT II

### Account Stated – Capital Car Matter
**Samuel Fishman, Simon Fishman, Miriam Fishman,  Daniel Fishman, Eric Fishman, Eugene Reed, Capital Car Co., Cars & Trucks, LLC, Seed Acquisitions, LLC, and Seed Acquisitions, Inc.**

71.     Loeffler Thomas realleges and incorporates paragraphs numbers 1 through 70 as though fully set forth herein.

72.     The Capital Car Defendants entered into an agreement with Loeffler Thomas regarding the payment of legal services to be rendered by Loeffler Thomas in the Capital Car Matter.

73.     Loeffler Thomas performed all of its obligations by rendering legal services to the Capital Car Defendants and there is now due and owing from the Capital Car Defendants the sum of $255,847.76.

74.     Frequent demands have been made upon the Capital Car Defendants for the payment of said sum and the demands have been refused.

75.     The Capital Car Defendants' nonpayment of the sum due and owing to Loeffler Thomas is unreasonable and vexatious.

WHEREFORE, Loeffler Thomas prays for an award of $255,847.76; with interest, costs and such other relief as the Court deems just.

## COUNT III

### Quantum Meruit – Capital Car Matter
**Samuel Fishman, Simon Fishman, Miriam Fishman,  Daniel Fishman, Eric Fishman, Eugene Reed, Capital Car Co., Cars & Trucks, LLC, Seed Acquisitions, LLC, and Seed Acquisitions, Inc.**

76.     Loeffler Thomas realleges and incorporates paragraphs numbers 1 through 75 as though fully set forth herein.

77.     Fishman requested and accepted Loeffler Thomas' legal services, and benefitted from these services and the costs incurred by Loeffler Thomas on Fishman's behalf. It would unjustly enrich Fishman to permit acceptance of the legal services without paying Loeffler Thomas for the reasonable value of all of said services and reimbursing Loeffler Thomas for the costs incurred on its behalf.

78.     The reasonable value of the unpaid legal services rendered to Fishman in the Capital Car case is $255,847.76.

79.     Loeffler Thomas has been injured and damaged as a result of Fishman's failure to pay for all of the aforesaid legal services rendered and the costs incurred on Fishman's behalf.

WHEREFORE, Loeffler Thomas prays for an award of $255,847.76; with interest, costs and such other relief as the Court deems just.

## COUNT IV – Third Circuit Appeal

### Breach of Contract
### Samuel Fishman and Law Office of Samuel Fishman P.C.

80.     Loeffler Thomas realleges and incorporates paragraphs numbers 1 through 63 as though fully set forth herein.

81.     Loeffler Thomas and Samuel Fishman and Fishman P.C. agreed that Loeffler Thomas would represent Samuel Fishman and Fishman P.C. regarding the Third Circuit Appeal.

82.     Loeffler Thomas and Samuel Fishman and Fishman P.C. agreed upon the fees that Loeffler Thomas would charge regarding the Third Circuit Appeal.

83.     Loeffler Thomas and Samuel Fishman and Fishman P.C. agreed that Samuel Fishman and Fishman P.C. would pay the fees and costs incurred in the Third Circuit Appeal.

84.     Loeffler Thomas performed all of its obligations by rendering legal services to Samuel Fishman and Fishman P.C. regarding the Third Circuit Appeal.

16

85.     Samuel Fishman and Fishman P.C. breached their contractual duty by failing to pay Loeffler Thomas in full for the fees and costs incurred regarding the Third Circuit Appeal.

86.     As a direct result of the aforementioned breach of contract, Loeffler Thomas incurred substantial damages in the amount of $66,921.49.

WHEREFORE, Loeffler Thomas prays for an award of $66,921.49; with interest, costs and such other relief as the Court deems just.

## COUNT V

### Account Stated – Third Circuit Appeal
### Samuel Fishman and Law Office of Samuel Fishman P.C.

87.     Loeffler Thomas realleges and incorporates paragraphs numbers 1 through 63, and 80 through 86 as though fully set forth herein.

88.     Samuel Fishman and Fishman P.C. entered into an agreement with Loeffler Thomas regarding the payment of legal services to be rendered by Loeffler Thomas in the Third Circuit Appeal.

89.     Loeffler Thomas performed all of its obligations by rendering legal services to Samuel Fishman and Fishman P.C. and there is now due and owing from Samuel Fishman and Fishman P.C. the sum of $66,921.49.

90.     Frequent demands have been made upon Samuel Fishman and Fishman P.C. for the payment of said sum and the demands have been refused.

91.     Samuel Fishman's and Fishman P.C.'s nonpayment of the sum due and owing to Loeffler Thomas is unreasonable and vexatious.

WHEREFORE, Loeffler Thomas prays for an award of $66,921.49; with interest, costs and such other relief as the Court deems just.

17

## COUNT VI

### Quantum Meruit – Third Circuit Appeal
### Samuel Fishman and Law Office of Samuel Fishman P.C.

92.     Loeffler Thomas realleges and incorporates paragraphs numbers 1 through 63, and 80 through 91 as though fully set forth herein.

93.     Fishman requested and accepted Loeffler Thomas' legal services, and benefitted from these services and the costs incurred by Loeffler Thomas on Fishman's behalf. It would unjustly enrich Fishman to permit acceptance of the legal services without paying Loeffler Thomas for the reasonable value of all of said services and reimbursing Loeffler Thomas for the costs incurred on its behalf. Moreover since Fishman effectively stopped paying in June 2012, it is not entitled, from that time forward, to a subsequent $12,500.00 discount given.

94.     The reasonable value of the unpaid legal services rendered to Fishman in the Capital Car case is $66,921.49.

95.     Loeffler Thomas has been injured and damaged as a result of Fishman's failure to pay for all of the aforesaid legal services rendered and the costs incurred on Fishman's behalf.

WHEREFORE, Loeffler Thomas prays for an award of $66,921.49; with interest, costs and such other relief as the Court deems just.

## COUNT VII

### Breach of Contract – Stretton Matter
### Samuel Fishman and Law Office of Samuel Fishman P.C.

96.     Loeffler Thomas realleges and incorporates paragraphs numbers 1 through 63 as though fully set forth herein.

97.     Loeffler Thomas and Samuel Fishman and Fishman P.C. agreed that Loeffler Thomas would represent Samuel Fishman and Fishman P.C. regarding the Stretton Matter.

18

98.     Loeffler Thomas and Samuel Fishman and Fishman P.C. agreed upon the fees that Loeffler Thomas would charge regarding the Stretton Matter.

99.     Loeffler Thomas and Samuel Fishman and Fishman P.C. agreed that Samuel Fishman and Fishman P.C. would pay the fees and costs incurred in the Stretton Matter.

100.     Loeffler Thomas performed all of its obligations by rendering legal services to Samuel Fishman and Fishman P.C. regarding the Stretton Matter.

101.     Samuel Fishman and Fishman P.C. breached their contractual duty by failing to pay Loeffler Thomas in full for the fees and costs incurred regarding the Stretton Matter.

102.     As a direct result of the aforementioned breach of contract, Loeffler Thomas incurred substantial damages in the amount of $51,928.60.

WHEREFORE, Loeffler Thomas prays for an award of $51,928.60; with interest, costs and such other relief as the Court deems just.

## COUNT VIII

### Account Stated – Stretton Matter
### Samuel Fishman and Law Office of Samuel Fishman P.C.

103.     Loeffler Thomas realleges and incorporates paragraphs numbers 1 through 63, and 96 through 102 as though fully set forth herein.

104.     Samuel Fishman and Fishman P.C. entered into an agreement with Loeffler Thomas regarding the payment of legal services to be rendered by Loeffler Thomas in the Stretton Matter.

105.     Loeffler Thomas performed all of its obligations by rendering legal services to Samuel Fishman and Fishman P.C. and there is now due and owing from Samuel Fishman and Fishman P.C. the sum of $51,928.60.

19

106.   Frequent demands have been made upon Samuel Fishman and Fishman P.C. for the payment of said sum and the demands have been refused.

107.   Samuel Fishman's and Fishman P.C.'s nonpayment of the sum due and owing to Loeffler Thomas is unreasonable and vexatious.

WHEREFORE, Loeffler Thomas prays for an award of $51,928.60; with interest, costs and such other relief as the Court deems just.

### COUNT IX – Stretton Matter

### Quantum Meruit
### Samuel Fishman and Law Office of Samuel Fishman P.C.

108.   Loeffler Thomas realleges and incorporates paragraphs numbers 1through 63, and 96 through 107 as though fully set forth herein.

109.   Fishman requested and accepted Loeffler Thomas' legal services, and benefitted from these services and the costs incurred by Loeffler Thomas on Fishman's behalf. It would unjustly enrich Fishman to permit acceptance of the legal services without paying Loeffler Thomas for the reasonable value of all of said services and reimbursing Loeffler Thomas for the costs incurred on its behalf. Moreover since Fishman effectively stopped paying in June 2012, it is not entitled, from that time forward, to a subsequent $12,500.00 discount given.

110.   The reasonable value of the unpaid legal services rendered to Fishman in the Capital Car case is $51,928.60.

111.   Loeffler Thomas has been injured and damaged as a result of Fishman's failure to pay for all of the aforesaid legal services rendered and the costs incurred on Fishman's behalf.

WHEREFORE, Loeffler Thomas prays for an award of $51,928.60; with interest, costs and such other relief as the Court deems just.

20

## COUNT X

### Breach of Contract – Ferrara Matter
### Samuel Fishman and Law Office of Samuel Fishman P.C.

112.    Loeffler Thomas realleges and incorporates paragraphs numbers 1 through 63 as though fully set forth herein.

113.    Loeffler Thomas and Samuel Fishman and Fishman P.C. agreed that Loeffler Thomas would represent Samuel Fishman and Fishman P.C. regarding the Ferrara Matter.

114.    Loeffler Thomas and Samuel Fishman and Fishman P.C. agreed upon the fees that Loeffler Thomas would charge regarding the Ferrara Matter.

115.    Loeffler Thomas and Samuel Fishman and Fishman P.C. agreed that Samuel Fishman and Fishman P.C. would pay the fees and costs incurred in the Ferrara Matter.

116.    Loeffler Thomas performed all of its obligations by rendering legal services to Samuel Fishman and Fishman P.C. regarding the Ferrara Matter.

117.    Samuel Fishman and Fishman P.C. breached their contractual duty by failing to pay Loeffler Thomas in full for the fees and costs incurred regarding the Ferrara Matter.

118.    As a direct result of the aforementioned breach of contract, Loeffler Thomas incurred substantial damages in the amount of $31,231.22.

WHEREFORE, Loeffler Thomas prays for an award of $31,231.22; with interest, costs and such other relief as the Court deems just.

## COUNT XI

### Account Stated – Ferrara Matter
### Samuel Fishman and Law Office of Samuel Fishman P.C.

119.    Loeffler Thomas realleges and incorporates paragraphs numbers 1 through 63 and 112 through 118 as though fully set forth herein.

21

120.    Samuel Fishman and Fishman P.C. entered into an agreement with Loeffler Thomas regarding the payment of legal services to be rendered by Loeffler Thomas in the Ferrara Matter.

121.    Loeffler Thomas performed all of its obligations by rendering legal services to Samuel Fishman and Fishman P.C. and there is now due and owing from Samuel Fishman and Fishman P.C. the sum of $31,231.22.

122.    Frequent demands have been made upon Samuel Fishman and Fishman P.C. for the payment of said sum and the demands have been refused.

123.    Samuel Fishman's and Fishman P.C.'s nonpayment of the sum due and owing to Loeffler Thomas is unreasonable and vexatious.

WHEREFORE, Loeffler Thomas prays for an award of $31,231.22; with interest, costs and such other relief as the Court deems just.

**COUNT XII**

**Quantum Meruit – Ferrara Matter**
**Samuel Fishman and Law Office of Samuel Fishman P.C.**

124.    Loeffler Thomas realleges and incorporates paragraphs numbers 1 through 63, and 112 through 123 as though fully set forth herein.

125.    Fishman requested and accepted Loeffler Thomas' legal services, and benefitted from these services and the costs incurred by Loeffler Thomas on Fishman's behalf. It would unjustly enrich Fishman to permit acceptance of the legal services without paying Loeffler Thomas for the reasonable value of all of said services and reimbursing Loeffler Thomas for the costs incurred on its behalf.

126.    The reasonable value of the unpaid legal services rendered to Fishman in the Ferrara Matter is $31,231.22.

127.    Loeffler Thomas has been injured and damaged as a result of Fishman's failure to pay for all of the aforesaid legal services rendered and the costs incurred on Fishman's behalf.

WHEREFORE, Loeffler Thomas prays for an award of $31,231.22; with interest, costs and such other relief as the Court deems just.

## COUNT XIII

### Pre-judgment Attachment of Defendants' Assets
### Pursuant to F.R.C.P. 64 and Pa. R.C.P. 7501 or in the Alternative
### For Expedited Proceedings

128.    Loeffler Thomas realleges and incorporates paragraphs numbers 1 through 127 as though fully set forth herein.

129.    Plaintiff is informed and believes and allege thereon from Defendants' past dilatory conduct in judicial proceedings that exigent circumstances exits that Defendants are and will continue to remove assets from Pennsylvania and from the jurisdiction of this Court; and/or waste property or revenues therefrom; thereby, financially victimizing Plaintiff due to non-payment of $405,929.07.

130.    Plaintiff is also informed and believes and alleges thereon that Defendants, with fraudulent intent, are about to sell, convey, or otherwise dispose of executable property to prevent, cheat, hinder or delay the Plaintiff in collecting on any judgment that it may obtain after the trial of this matter.

131.    Defendants have received the benefit of the legal services provided by Plaintiff without providing payment for those services.

132.    Defendants knew that any legal services provided by Plaintiff were not being gratuitously provided by Plaintiff.

133.    As a direct and proximate result of Defendants' failure and refusal to pay Plaintiff for legal services that they were induced to provide to Defendants by continuing promises of payment, Plaintiff has been damaged and Defendants have been unjustly enriched, all to Plaintiff's detriment.

134.    In light of Defendants' demonstrated willingness to engage in fraudulent conduct with the specific purpose of hindering, delaying, or defrauding Plaintiff and others, Defendants cannot be left with unfettered control over the funds that they have acquired from failing and refusing to pay for legal services provided by Plaintiff throughout the pendency of non-expedited litigation.

135.    Under these circumstances, this Court has authority to enter pre-judgment attachment and seizure of the assets of Defendants pending a determination in this matter on the merits.

136.    F.R.C.P. 64 and Pa. R.C.P. 7501, provide this Court with jurisdiction to issue a Writ for Pre-judgment Garnishment and Attachment; a Writ of Seizure; and grant temporary and permanent liens in Defendants' assets and freeze Defendants' assets in the amount of $405,929.07.

137.    F.R.C.P. 64(a) sets forth pre-judgment attachment procedures. The Rule states "At the commencement of and throughout an action, every remedy is available that, under the law where the court is located provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies."

138.    Pa.R.C.P. 7501(a-c) provides property may be attached prior to judgment in the manner and to the extent prescribed by the general rule.

WHEREFORE, Loeffler Thomas prays that this Court issue an order, jointly and severally, and, in the alternative, individually, as follows:

a. A pre-judgment Writ of Garnishment and Attachment to issue against all known assets of Defendants;

b. A pre-judgment Writ of Seizure to issue against all known assets of Defendants;

c. A temporary and preliminary injunction to issue against all assets and interests of Defendants restraining and enjoining them from transferring, pledging, selling, hypothecating, encumbering, disposing of or otherwise dissipating any real or personal property in which they may have any ownership interest and/or control, directly or indirectly.

d. Awarding statutory pre- and post-judgment interest; and

e. Granting such other and further relief as is necessary and appropriate.

**LOEFFLER THOMAS P.C.**

By: _____
One of its attorneys

Diana R. Kadash, Esq.
Loeffler Thomas P.C. (of counsel)
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-854-6422

25

Michael S. Loeffler, Esq.
Todd Hunter Thomas, Esq.
Mark V. Paulis, Esq.
Loeffler Thomas P.C.
500 Skokie Boulevard, Suite 260
Northbrook, IL 60062
847-498-8400
847-498-1999 fax

26