IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOEFFLER THOMAS P.C. f/k/a : | |
| LOEFFLER THOMAS TOUZALIN LLP : | |
| : | CIVIL ACTION |
| v.   : | |
| : | NO. 15-5194 |
| SIMON FISHMAN, ET AL.   : | |

## MEMORANDUM

**SURRICK, J.**                                                                                     **AUGUST 11, 2016**

Presently before the Court is Plaintiff's Motion for Leave to File an Amended Complaint to Clarify Their Allegations Regarding the Statute of Limitations and Fraudulent Concealment. (ECF No. 68.) For the following reasons, the Motion will be denied.

## I.      BACKGROUND

This is a breach of contract action in which Defendant Samuel Fishman, an attorney, failed to pay legal bills in four separate legal matters for representation that he and others, including many of his family members, received from Plaintiff Loeffler Thomas, P.C. ("Loeffler"), an Illinois law firm.

On April 11, 2016, a Memorandum and Order were entered granting in part and denying in part Defendants' motions to dismiss. Nine of the thirteen counts in Plaintiff's Complaint were dismissed on the basis of the statute of limitations. (Court's Apr. 11 Mem., ECF No. 62.) Plaintiff now seeks to amend the Complaint and reassert those counts, contending that the Court misunderstood its allegations with regard to the statute of limitations. Plaintiff also seeks to amend the Complaint to assert additional claims based on fraud.

A.      **Factual Background**

An in-depth factual background in this case can be found in the April 11, 2016 Memorandum. We include a brief background relevant to the instant Motion. Plaintiff Loeffler represented Samuel Fishman and his law firm, the Law Office of Samuel Fishman, P.C. ("Fishman P.C."), in three separate matters: the "Ferrara Matter," the "Third Circuit Appeal," and the "Stretton Matter." (Compl., ECF No. 1.) Loeffler also represented all the named Defendants in a lawsuit referred to in the Complaint as the "Capital Car Matter." All claims related to the Capital Car Matter (Counts 1 through 3) survived Defendants' motions to dismiss. Loeffler's arguments in the instant Motion to Amend do not address the claims related to the Capital Car Matter.

   *1.      The Ferrara Matter*

On December 29, 2008, Samuel Fishman and Fishman P.C. contacted Loeffler to represent them with regard to a complaint filed against them in the Philadelphia Court of Common Pleas by two law firms. Loeffler sent invoices to Samuel Fishman and Fishman P.C. dated May 14, 2009, August 26, 2009, October 16, 2009, January 29, 2010, April 21, 2010, July 28, 2010, and December 14, 2010. (Proposed Am. Compl. ¶ 71 & Ex. E ("Ferrara Invoices"), Pl.'s Mot. Amend Ex. 1, ECF No. 6.) The Ferrara Invoices reveal that Fishman paid all of the invoices through January 29, 2010. The last payment on the Ferrara Matter was made on February 22, 2010. (Ferrara Invoices; *see also* Court's Apr. 11 Mem. 14.) On May 27, 2010, the Ferrara Matter was "marked Settled Discontinued and Ended." (Proposed Am. Compl. ¶ 70.) A final invoice dated December 14, 2010 was not sent to Fishman until nearly two years later, on November 26, 2012. (Ferrara Invoices.) Loeffler alleges that an outstanding balance of $31,231.22 remains unpaid. (Proposed Am. Compl. ¶ 72.)

        2.     *The Third Circuit Appeal*

On May 7, 2009, Samuel Fishman and Fishman P.C. contacted Loeffler to assist in vacating a sanction imposed against them in the United States District Court for the Eastern District of Pennsylvania. (*Id*. at ¶ 41.) On behalf of Samuel Fishman and Fishman P.C., Loeffler filed an appeal of the district court's denial of a motion to vacate the sanction in the Third Circuit Court of Appeals. (*Id*. at ¶¶ 42, 44-45.) After the Third Circuit affirmed the District Court's order, the matter was closed on September 26, 2011. (*Id*. at ¶¶ 47.)

Loeffler sent invoices to Samuel Fishman and Fishman P.C. on August 26, 2009, October 16, 2009, January 29, 2010, July 28, 2010, and December 14, 2010. (*Id*. at ¶ 48.) Fishman and Fishman P.C. paid all of these invoices. (*Id*.) The Fishman Defendants paid the December 14 invoice on January 3, 2011. (*Id*.) The total amount paid by Fishman and Fishman P.C. up to this point was approximately $34,200. (*Id*.) Almost two years later, on December 5, 2012, Loeffler submitted another "final" invoice to Samuel Fishman and Fishman P.C for $66,921.49, an amount that is nearly double the amount of all prior invoices combined. (*Id*. at ¶ 50.)[1]

        3.     *The Stretton Matter*

On April 7, 2010, Samuel Fishman and Fishman P.C. contacted Loeffler regarding a complaint that they wished to file against Samuel Stretton, Esquire. (Proposed Am. Compl. ¶ 54.) The complaint against Stretton was ultimately withdrawn in September 2011. (*Id*. at ¶ 59.) On December 14, 2010, Loeffler sent an invoice to Samuel Fishman and Fishman P.C. for $5,250, which was paid. (*Id*. at ¶ 60.) On November 26, 2012, nearly two years after the last

---

[1] The December 5, 2012 invoice included a "professional discount" of $12,500 to Samuel Fishman and Fishman P.C. "in exchange for their promise to pay the outstanding fees in the Third Circuit Appeal." (Proposed Am. Compl. ¶ 51.)

invoice, Loeffler sent a "final" invoice on the Stretton Matter to Samuel Fishman and Fishman P.C. (*Id.* at ¶ 62.) The amount billed on the final invoice was $51,928.60. (*Id.* at ¶¶ 62-63.)[2]

    4. *Fishman's Assurances of Payment*

Loeffler alleges in the Proposed Amended Complaint that on numerous occasions, Samuel Fishman made assurances that he would pay the outstanding bills on the Ferrara, Third Circuit, and Stretton matters. (Proposed Am. Compl. ¶ 75 ("Loeffler Thomas was diligent in trying to determine if Samuel Fishman and Fishman P.C. were intending to breach their contracts with Loeffler Thomas by failing to pay for its services.").) Loeffler alleges that it had "multiple conversations with Samuel Fishman" regarding the payment of outstanding bills. According to the Proposed Amended Complaint, a conversation between Samuel Fishman and a Loeffler attorney took place on November 14, 2012. (*Id.* at ¶ 76.) During this conversation, Fishman assured the Loeffler attorney that he would pay the bills in full. (*Id.*) Subsequent to this conversation, between December 4 and December 10, 2012, Loeffler and Fishman exchanged correspondence regarding the outstanding invoices. (*Id.* at ¶¶ 77-79.) In an e-mail and a letter, Samuel Fishman again advised Loeffler that he would pay the outstanding bills. (*Id.*)

 **B.** **Procedural History**

On September 17, 2015, Loeffler filed a Complaint against all Defendants. The Complaint alleged 13 causes of action. For each of the four matters described in the Complaint—the Capital Car Matter, the Third Circuit Appeal, the Stretton Matter, and the Ferrara Matter—Plaintiff asserted claims for breach of contract, account stated, and quantum

---

[2] The November 26, 2012 invoice included a "professional discount" of $12,500 to Samuel Fishman and Fishman P.C. "in exchange for their promise to pay the outstanding fees in the Third Circuit Appeal." (Proposed Am. Compl. ¶ 63.) If the Fishman Defendants had taken advantage of the discount, the amount of the invoice would have been $39,428.60. (*Id.* at ¶ 62.)

meruit. Plaintiff also asserted a claim in Count 13 for pre-judgment attachment of Defendants' assets, or in the alternative, expedited proceedings.[3]

On April 11, 2016, Defendants' motions to dismiss were granted in part and denied in part. (Court's Apr. 11 Mem; Court's Apr. 11 Order, ECF No. 63.) Pursuant to the Court's Memorandum and Order, the following Counts were dismissed: Counts 4 through 6 (related to the Third Circuit Appeal); Counts 7 through 9 (related to the Stretton Matter); Counts 10 through 12 (related to the Ferrara Matter); and Count 13 (request for pre-judgment attachment of assets). (Apr. 11 Order.) We determined that the statute of limitations required dismissal of Counts 4 through 12.

On April 21, 2016, Loeffler filed this Motion for Leave to Amend the Complaint. (Pl.'s Mot. Amend, ECF No. 68.)[4] On May 2, 2016, Defendants filed a Response in Opposition to the Motion for Leave to Amend. (Defs.' Resp., ECF No. 71.) On May 5, 2016, Loeffler filed a Reply. (Pl.'s Reply, ECF No. 73.)

## II. DISCUSSION

Loeffler seeks leave to amend the Complaint to "clarify allegations concerning the timing of Fishman's payments." (Pl.'s Mot. Amend 1.) Specifically, Loeffler contends that the Court erred in dismissing Counts 4 through 12 of the Complaint based on the statute of limitations. Loeffler also argues in the alternative that equitable tolling applies to toll the statute of

---

[3] Loeffler had previously filed an action against these same Defendants in the Illinois state court on October 10, 2014. The action was captioned as *Loeffler Thomas v. Samuel Fishman, et al*. (Cook Cty Cir. Ct., No. 14-L-10564). (Court's Apr. 11 Mem. 8.) Loeffler asserted the same claims in the Illinois action that it asserts in this action. Loeffler ultimately filed a voluntary dismissal of the Illinois action. (*Id*.)

[4] On April 22, 2016, Defendants Samuel Fishman, Capital Car Company, Samuel Fishman, P.C., Cars & Trust, LLC, Seed Acquisitions, Inc., and Seed Acquisitions, LLC, filed an Answer to the Complaint. (ECF No. 67.) On April 22, 2016, the remaining Defendants—Eric Fishman, Daniel Fishman, Simon Fishman, Eugene Reed, and Miriam Fishman—filed an Answer to the Complaint. (ECF No. 70.)

5

limitations. Finally, Loeffler seeks leave to amend the Complaint to assert a new cause of action for fraudulent concealment, fraudulent conduct, and fraudulent misrepresentation.

Leave to amend shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend need not be given when amendment would be futile. *Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003); *see also Shane v. Faver*, 213 F.3d 113, 115 (3d Cir. 2000) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." (citation and internal quotation marks omitted)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane*, 213 F.3d at 115 (citation omitted).

### A. Statute of Limitations Argument

In the April 11 Memorandum, we concluded that for purposes of the four-year statute of limitations, Plaintiff's breach of contract claims accrued when the last payment was made on the invoices for the three matters. (Apr. 11 Mem. 13.) Since the last payments on all three matters occurred more than four years prior to Loeffler initiating this lawsuit, we determined that the claims were barred by the statute of limitations.[5] In the instant Motion, Loeffler asserts that the Court erred in concluding that the statute of limitations barred claims related to the Third Circuit Appeal, Stretton Matter, and Ferrara Matter. Loeffler contends that the statute of limitations began to run on the day that Defendants failed to pay the final invoices on the three matters. Loeffler raised this same argument in its opposition to Defendants' motions to dismiss.

As an initial matter, we note that Loeffler's Motion should more properly be characterized as a motion for reconsideration of our prior order dismissing the claims, rather than a motion to amend the Complaint to assert counts that the Court has already dismissed. To

---

[5] The last payments on the Third Circuit Appeal and Stretton Matters were made on January 3, 2011, and the last payment on the Ferrara Matter was on February 22, 2010. The Complaint was filed on September 17, 2015, well beyond the four-year statute of limitations.

succeed on reconsideration, a party must show an intervening change in the law; availability of new evidence; or the need to correct a clear error of law or fact or to prevent a manifest injustice. *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251-52 (3d Cir. 2010). Loeffler has not asserted any basis for reconsideration. It has merely reasserted the same argument that was rejected by the Court in its April 11 Memorandum. This is not a basis for reconsideration. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

In any event, Loeffler's argument fails even if we were to consider it in the context of the more liberal standard associated with motions to amend pleadings. Loeffler asks the Court to construe the statute of limitations tolling date as the day Defendants Samuel Fishman and Fishman P.C. failed to honor the final invoices on the three matters at issue. However, Loeffler fails to point out that the final invoices were not submitted to Defendants until long after the matters had closed and Loeffler had stopped working on them.

The Ferrara Matter concluded in May 2010, when the case was settled and Loeffler ceased doing any work on the matter. (Ferrara Invoices.) Fishman had paid invoices through February 2010. According to the exhibits attached to the proposed Amended Complaint, the "Final Invoice" was not forwarded to Fishman until December 26, 2012, over two-and-a-half years after work on that matter had ceased. The Stretton Matter concluded in September 2011, when the complaint was withdrawn and Loeffler stopped billing for time spent on the matter. (Stretton Invoices, Proposed Am. Compl. Ex. D.) An invoice was sent to Samuel Fishman and Fishman P.C. in December 2010, which was paid. Loeffler then waited until November 2012, which was almost two years after the last invoice was sent, and over a year after the matter had closed, to forward the "final invoice" to the Fishman Defendants. The Third Circuit Appeal matter closed in September 2011. Loeffler's last time entry recorded for work performed on this

7

matter was also in September 2011.  Loeffler sent invoices to the Fishman Defendants from August 2009 through December 2010, all of which were paid.  Loeffler then waited until December 5, 2012, almost two years after the last invoice was sent, and a year after the matter had concluded to send the Fishman Defendants the "final invoice."

In all three matters, there is an approximate two-year time period between the last regularly-submitted invoice and the "final invoice" for the matter.  Clearly, this was not the regular course of business dealings between these two parties.  Prior to the final invoice, the regularly-submitted invoices had generally been sent to the Fishman Defendants within a few months of the time that the services were performed.  (*See, e.g.*, Stretton Invoices; Ferrara Invoices.)  Moreover, the final invoices were submitted to the Fishman Defendants over a year after the matters had already closed.  For some reason, Loeffler neglected to submit invoices for some of the legal services that they say they provided, and they now invite the Court to construe their belatedly-submitted invoices as the accrual dates for the statute of limitations.  We decline the invitation.  Loeffler has provided no authority, and we are aware of none, that would permit an attorney to bill their client years after the work was performed and then claim that the date of the billing controls for purposes of the statute of limitations.  The Court did not err in concluding that the statute of limitations barred Loeffler's claims in the Ferrara Matter, the Stretton Matter, and the Third Circuit Appeal.  Loeffler's proposed amended complaint would be futile because the allegations do not save its claims from the statute of limitations bar.  *See Garvin*, 354 F.3d at 222 ("[A]ny amendment of her complaint would have been futile because the amended complaint could not have withstood a motion to dismiss on the basis of the statute of limitations.").  Loeffler's request to amend the Complaint to reassert the same counts already dismissed will be denied.

Loeffler also contends that the statute of limitations should be equitably tolled in light of the Fishman Defendants' "knowing and active concealment, denial and/or misleading actions with respect to [their] obligations to pay their final legal bills." (Pl.'s Mot. Amend. 7.) "Equitable tolling applies when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (internal quotation marks and citation omitted). It is an "extraordinary remedy which should be extended only sparingly." *Id*. Tolling of the statute of limitations is permitted: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id*. (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997)). The plaintiff "must exercise due diligence in preserving his claim." *Id*. (internal quotations omitted).

Equitable tolling does not apply here. Loeffler has failed to allege facts sufficient to show that it was actively misled by the Fishman Defendants, or that extraordinary circumstances otherwise justify tolling of the statute of limitations. Loeffler asserts that the Fishman Defendants "concealed material facts from [Loeffler] in order to induce [Loeffler] to continue providing legal services that [the Fishman Defendants] knew they would not pay for." (Pl.'s Mot. Amend 8.) However, Loeffler does not state what facts were concealed by the Fishman Defendants. Loeffler merely alleges that in November and December of 2012, Samuel Fishman stated on three occasions that he intended to pay outstanding bills owed to Loeffler.[6] The fact

---

[6] Loeffler's argument is similar to the argument that it raised with regard to the application of the acknowledgement doctrine in its opposition to Defendants' motions to dismiss. The acknowledgement doctrine may toll the statute of limitations where there is a promise to pay debt. We rejected Loeffler's argument in our April 11 Memorandum, and concluded that the acknowledgement doctrine does not apply here. (*See* Ct.'s Apr. 11 Mem. 16-17.)

that Fishman subsequently failed to pay those bills does not mean that Loeffler was actively misled regarding the steps to preserve its claims. Loeffler has failed to show that "by the exercise of reasonable diligence, [it could] have discovered essential information bearing on" its claims. *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384 (3d Cir. 2007). In fact, Loeffler did preserve its claims by filing an appropriate action in the Illinois state court. Loeffler subsequently dismissed that action for reasons that are not clear.

The fact that Samuel Fishman represented in late 2012 that he intended to pay amounts owed to Loeffler does not change our conclusion that equitable tolling does not apply here. Specifically, in an email dated December 7, 2012, Fishman represented that he "would make sure [Loeffler] was paid." (Proposed Am. Compl. Ex. G.) The email from Fishman states in its entirety:

> I have received your letter requesting payment in full. That will be impossible. I just submitted $50,000 to you. You questioned the check as valid when you knew I was on vacation. I paid the copying costs, which I managed to reduce, recently. In light of the fact that it took you so long to produce the bills I am shocked at your behavior. I will make sure you get paid. I also spoke with you and you agreed that I could pay your bill in installments. In addition I have tried to speak with you by phone and have not received a return call. Furthermore, even though I have asked repeatedly I have not heard anything with regards to what happened to Susan. I pay my bills and don't appreciate or for that matter understand your position. Please call me this morning.

(Proposed Am. Compl. Ex. G.) In a subsequent letter to Loeffler dated December 10, 2012, Fishman stated that he "has no intention of leaving the bill unpaid." (Proposed Am. Compl. Ex. H.) Fishman's letter reveals his uneasiness about Loeffler's refusal to return any of Fishman's numerous telephone messages. (*Id.*) In addition, Fishman states that "I hope you understand that I cannot keep such large sums of money in my operating account waiting for you to produce bills. Nonetheless, I reiterate that you will be paid every penny that is due to you, and that my payments to you will not be dragged out." (*Id.*)

Loeffler contends that these statements by Fishman caused Loeffler to be misled as to preserving its claims. We are not persuaded. Within weeks of Fishman's statements, Loeffler sought to withdraw as counsel in the Capital Car Matter. *See State Farm Mutual Auto. Ins. Co. v. Fishman*, No. 07-00518 (E.D. Pa.), at ECF No. 154. The reason offered by Loeffler in the withdraw motion was "defendant's failure to pay for the legal services it received." (Pl.'s Mot. 6.) Loeffler's desire to terminate the attorney-client relationship immediately after Fishman's assurances to pay does not demonstrate that Loeffler was actively misled. The facts simply do not support equitable tolling.

Finally, Loeffler has not exercised due diligence in preserving its claims with respect to the Ferrara Matter, the Stretton Matter, and the Third Circuit Appeal. *See Russo v. Am. Airlines, Inc.*, 340 F. App'x 816, 818-19 (3d Cir. 2009) (describing due diligence in preserving claims as a "threshold requirement" for asserting equitable tolling). Loeffler waited nearly two years to submit invoices for services it provided to the Fishman Defendants on these matters. In addition, Loeffler voluntarily dismissed its claims in the Illinois state court action and filed the matter in this Court without first evaluating statute of limitations differences.[7] The Illinois state court matter is nearly identical to this action. Loeffler alleges that it dismissed the Illinois action to avoid delays caused by Fishman's appeal of a denial of a motion to dismiss. (Court's Apr. 11 Mem. 8.)[8] However, Loeffler dismissed that action knowing full well that the Illinois ten-year

---

[7] The statute of limitations for breach of contract actions is ten years in Illinois and four years in Pennsylvania. (Court's Apr. 11 Mem. 14-15.)

[8] Any delays in the Illinois state court action were actually caused by Loeffler, and not by the Fishman Defendants. Loeffler waited over five months to file its appellate brief in the Illinois action. (Court's Apr. 11 Mem. 8.) After being granted two extensions to file the brief, Loeffler ultimately filed a voluntary dismissal of that action and subsequently filed the action in this Court. (*Id.*) Based on this, we find Loeffler's explanation for dismissing the Illinois action disingenuous.

11

statute of limitations would not have been a problem. This demonstrates Loeffler's lack of diligence in preserving its claims.

> **B.     Proposed New Count – Fraudulent Concealment, Fraudulent Conduct, and Fraudulent Misrepresentation**

Loeffler also seeks to amend the Complaint to assert an additional count for fraudulent concealment, fraudulent conduct, and fraudulent misrepresentation.[9] Because these claims would be futile, as they would fail to survive a motion to dismiss, Loeffler's request to amend the Complaint on this basis will be denied.

The elements of fraudulent misrepresentation are: (1) a representation; (2) material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) a resulting injury proximately caused by the reliance. *Ira G. Steffy & Son, Inc. v. Citizens Bank of Pa.*, 7 A.3d 278, 290 (Pa. Super. Ct. 2010). The elements of fraudulent concealment are nearly identical to the elements of fraudulent misrepresentation, with one exception. Instead of alleging a misrepresentation, a plaintiff must allege that defendant intentionally concealed a material fact that it had a duty to disclose. *Protica, Inc. v. iSatori Techs., LLC*, No. 11-1105, 2012 U.S. Dist. LEXIS 45717, at *13 (E.D. Pa. Mar. 29, 2012) (citing *Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999)).

In support of these claims, Loeffler alleges that the Fishman Defendants fraudulently concealed their true intent to not pay Loeffler for the legal services. Specifically, Loeffler alleges in the Proposed Amended Complaint that "prior to forming a lawyer-client relationship," Samuel Fishman made written and verbal representations that "he had the wherewithal to pay [D]efendants' financial obligations for plaintiff's legal services." (Proposed Am. Compl. ¶

---

[9] We assume that Loeffler's claim for "fraudulent conduct" is subsumed within its claims for fraudulent concealment and fraudulent misrepresentation.

149.)[10] Loeffler also alleges that Samuel Fishman's statements about his intent and ability to pay were "misrepresentations designed to conceal the facts that Samuel Fishman had no intent to meet his financial obligations." (*Id*. at ¶ 149.) Loeffler has failed to plead these fraud allegations with the specificity required under Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Binder v. Weststar Mortg., Inc*., No. 14-7073, 2016 U.S. Dist. LEXIS 90620, at *74-75 (E.D. Pa. July 13, 2016) (dismissing fraudulent misrepresentation claim for failure to plead with specificity under Rule 9(b)). Here, Loeffler alleges generally that prior to forming an attorney-client relationship, Fishman made representations about his ability to pay for legal services. This is not sufficient. *See In re Rockefeller Ctr. Props., Inc. Secs. Litig*., 311 F.3d 198, 216 (3d Cir. 2002) ("Although Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use alternative means of injecting precision and some measure of substantiation into their allegations of fraud.") (internal quotation marks and citation omitted).

In any event, even if the allegations did pass muster under Rule 9(b), they do not support claims for fraudulent misrepresentation and fraudulent concealment. The allegations do not establish that Samuel Fishman's assurance—that he could pay for legal services—was false, nor do they establish that his assurance was intended to mislead Loeffler in any way. In fact, contrary to Plaintiff's argument that Samuel Fishman misrepresented his intention to pay his legal bills, Fishman timely paid the majority of the legal bills submitted to him in the Stretton

---

[10] Loeffler fails to attach any exhibits to support the allegation that Fishman made written representations concerning his agreement to pay legal fees. In fact, in response to the motions to dismiss, Loeffler stated that the agreement was oral, and not written. The only written representations by Fishman alleged in the Proposed Amended Complaint and corroborated by the exhibits are a December 7, 2012 email and a December 10, 2012 letter, wherein Fishman represented that he would pay the outstanding balance. These representations were made years after the attorney-client relationship began, and years after the matters had been completed.

Matter, the Ferrara Matter, and the Third Circuit Appeal. The facts simply do not support the allegation that Fishman intended to mislead Loeffler. Claims for fraudulent misrepresentation and fraudulent concealment would be futile. Accordingly, Loeffler's request to amend the complaint to assert these claims will be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint to Clarify Their Allegations Regarding the Statute of Limitations and Fraudulent Concealment will be denied.

An appropriate Order follows.

                                          **BY THE COURT:**

                                          _____

                                          **R. BARCLAY SURRICK, J.**